UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SANDRA ROBERT JACOB, TINA JACOB BROWN and KIRT JACOB, JR., Individually and on behalf of decedent, KIRT JACOB, SR. | * | CIVIL ACTION |
| | * | NUMBER 05-0805 |
| V. | | |
| | * | SECTION "L"(5) |
| CAESARS ENTERTAINMENT, INC. d/b/a GRAND CASINO GULFPORT | | |

**ORDER AND REASONS**

Pending before the Court is the Plaintiffs' Motion for Reconsideration of the Court's Order Granting the Defendant's Motion for Summary Judgment (Rec. Doc. 94). This motion came for hearing with oral argument on April 25, 2007. For the following reasons, the motion is DENIED.

The Plaintiffs base their motion on Rules 59 and 60 of the Federal Rules of Civil Procedure. A Rule 59(e) motion is a motion to alter, amend, or vacate the Court's judgment, and a Rule 60(b) motion is a motion for relief from judgment. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993). Under Rule 59(e), a court may reopen a case that has gone to final judgment if a party demonstrates a manifest error of law or fact or newly discovered evidence. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). The motion should be used sparingly, and the motion is not a proper vehicle for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 478-79. The Court must consider the evidence in the record at the time of the motion for reconsideration as well as the time of judgment. *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 349 (5th Cir.

1989). Under Rule 60(b), a party may seek relief of judgment for any reason justifying such relief, including the rule's enumerated reasons like mistake and excusable neglect. Fed. R. Civ. P. 60(b). In particular, the Court when evaluating a Rule 60(b) motion should balance the need for finality of judgment against the need to render just decisions, based upon all the operable facts. *Bohlin*, 6 F.3d at 356. Upon review of the Plaintiffs' brief, it is clear that the proper procedural vehicle in this case is Rule 59(e), as the Plaintiffs base their Motion for Reconsideration on alleged new evidence in the form of their experts' depositions.[1]

A district court should look at several illustrative, though not exhaustive, factors when examining a motion for reconsideration of its prior order granting summary judgment. These factors include:

> (1) the reasons for the moving party's default, (2) the importance of the omitted evidence to the moving party's case, (3) whether the evidence was available to the movant before the nonmovant filed the summary judgment motion, and (4) the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened.

*Templet,* 367 F.3d at 482 (citing *Lavespere v. Niagra Machine & Tool Works, Inc*., 910 F.2d 167, 174 (5th Cir. 1990)).

Upon review of these factors, the Court finds the Plaintiffs' argument for reconsideration unpersuasive. The depositions of the Plaintiffs' experts, Dr. Susan Parisian and Melvin Kramer, were completed on February 9, 2007, twelve days before the Court issued its Order and Reasons on February 21, 2007. However, the Plaintiffs did not inform the Court that it should consider these depositions in their opposition memorandum or in supplemental briefing. Moreover, this

---

[1] Though one of the enumerated grounds justifying relief under Rule 60(b) is newly discovered evidence, Rule 60(b) specifies that this ground only comes into play when the newly discovered evidence could not have been discovered with due diligence in time to file a motion for a new trial under Rule 59(b). This ground is not applicable to the present motion.

information cannot be considered "newly discovered" evidence as the Plaintiffs' own experts were clearly available to them before the Defendant's Motion for Summary Judgment was granted.  At oral argument, Plaintiffs' counsel failed to give a sufficient reason why these depositions were not brought to the Court's attention before summary judgment was granted. "An unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *ICEE Distribs., Inc. v. J&J Snack Foods Corp*., 445 F.3d 841, 848-49 (5th Cir. 2006 ) (citing *Templet*, 367 F.3d at 479).

Even accepting the Plaintiffs' argument that the depositions of Dr. Susan Parisian and Melvin Kramer constitute new evidence supporting reconsideration, the Court finds this argument unpersuasive.  These depositions simply restate the material or argument covered by the deponents' reports previously reviewed by the Court in connection with the Defendant's Motion for Summary Judgment.  A rehashing of evidence and argument is not appropriate grounds for granting reconsideration.

Moreover, Dr. Parisian and Mr. Kramer's depositions fail to pass the *Daubert* scrutiny that the Fifth Circuit discussed in detail in *Moore v. Ashland Chemical Inc.*, 151 F.3d 269 (5th Cir. 1998) (en banc).  A trial court is required to act as a "gate keeper" and assure that expert testimony is based upon sufficient facts and data and that the tendered expert witness has applied the principles and methods reliably to the facts of the case.  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Moore*, 151 F.3d at 275-76; Fed. R. Evid. 702. When put to this test, these witnesses simply do not pass muster.

Both opine that the cause of Mr. Jacob's death was his exposure to Listeria.  But there is no proof that the liquid which fell upon Mr. Jacob contained this bacterium; there is no evidence

that anyone else who was exposed to the liquid substance at the time of the incident contracted Listeria; and none of the tests performed on Mr. Jacobs indicate that he had Listeria or any rod-shaped bacterium in his body at the time of his death.

In contrast, there is direct evidence that Mr. Jacob had elevated levels of the bacterial virus Methicillin-Resistant Staphylococcus Aureus ("MRSA") in his body before he died, confirmed through multiple blood and urine cultures taken during his hospitalization. Additionally, Mr. Jacob was exposed to common risk factors associated with MRSA in the weeks leading up to his death.  MRSA is commonly associated with flu and viral infections; Mr. Jacob's doctor diagnosed him with a viral infection two weeks before he died.  MRSA can be contracted during hospitalization; Mr. Jacob was hospitalized two months before his death for pacemaker implant surgery.  Finally, MRSA is associated with the use of antibiotics; Mr. Jacob was taking antibiotics in connection with his pacemaker implant surgery and in connection with the viral infection.  Notably, though MRSA is commonly found on human skin and transmitted through direct skin contact, it cannot be contracted through dishwater, assuming that was the liquid substance to which Mr. Jacob was exposed.

The Plaintiffs' original complaint specifically acknowledges these elevated levels of MRSA as a cause of death and makes no mention of Listeria: "[A] culture was taken of Mr. Jacob's blood, and it was learned that within six (6) hours his MRSA levels were elevated although Mr. Jacob was able to speak.  A few hours later he began to suffer septic shock.  On March 3, 2003, Mr. Jacob died as a result of this infection."  (Pls.' Compl. ¶¶ 19, 20).

After the Defendant pointed out that MRSA cannot be contracted through dishwater and that the Plaintiff was exposed to common MRSA risk factors through circumstances unrelated to

4

the casino incident in its first Motion for Summary Judgment, filed in May 2006, the Plaintiffs apparently changed their theory and claimed that they were not asserting that the exposure to the liquid at the casino caused Mr. Jacob to contract MRSA which ultimately led to his death. Instead, the Plaintiffs claimed that it was Listeria, associated with spoiled food, that he contracted from the liquid and which caused his death. The Court finds no basis in the facts or data for this argument, and the opinions offered by the tendered experts are not based on methods reliable to the facts of the case. Therefore, the Plaintiffs' Motion for Reconsideration must be DENIED.

New Orleans, Louisiana, this <u>29th</u> day of May, 2007.

_____
UNITED STATES DISTRICT JUDGE

5